IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| IN RE: SAMSUNG TOP-LOAD WASHING MACHINE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL Case No. 17-ml-2792-D  District Judge Timothy D. DeGiusti |
| This document relates to: ALL CASES | : : : : : | |

**O R D E R**

Before the Court is a Motion for an Award of Fees and Expenses [Doc. No. 140] filed by Colleen Kennedy, David Foster, Mitchell Orenstein ("New Jersey Plaintiffs"), and Nagel Rice, LLP. Class Counsel filed a Response [Doc. No. 146] in opposition. Nagel Rice filed detailed billing records for the Court's review [Doc. No. 203]. The matter is at issue.

**BACKGROUND**

Nagel Rice requests payment of $924,890.00, for a total of 1273.60 hours worked, and more than $30,000 in expenses. *See* Detailed Billing Records [Doc. No. 203]. Class Counsel contends movants cannot show that their efforts contributed to the settlement of the MDL. Far from it, they assert, as "in addition to strategizing and fighting to stay separate and apart from the MDL, Nagel Rice worked to obstruct this resolution at every turn." Resp. at 4. Even if the Court did find Nagel Rice worked to the benefit of the class, Class Counsel contends its request is nevertheless inappropriate because "Nagel Rice did

1

not comply with [the] Court's order requiring that time and expenses be reported to [] Class Counsel." *Id*.

On August 7, 2014, Colleen Kennedy and David Foster filed the first class action involving the subject matter that later became the focus of this MDL action against Defendant Samsung Electronics America, Inc., in the United States District Court for the District of New Jersey. Mot. at 3. Judge Martini in the District of New Jersey decided a motion to dismiss in that case, leaving most of the claims intact.

On June 15, 2015, Mitchell Orenstein filed a similar class action complaint against Defendants, on behalf of a nationwide consumer class, in the District of New Jersey. Later, a third case was brought by Nagel Rice. All three cases were referred to mediation.

The parties in the *Kennedy* and *Orenstein* cases engaged in mediation discovery, which divulged information about washing machine models, the relevant number of washers sold, and other such details. Through mediation, class counsel agreed to a $600,000 legal fee award and service awards for Kennedy, Foster, and Orenstein.

On June 13, 2017, the parties reached a purported agreement, and Samsung then announced it had negotiated an overlapping settlement in this MDL. The complications these developments caused have been well documented elsewhere. *See* Order [Doc. No. 128].

## STANDARD OF DECISION

Federal Rule of Civil Procedure 23(h) authorizes the Court to award fees and costs that are "reasonable." A lawyer's work may be compensated only where it "benefitted the class." *Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994). That is, only work that

contributed to the positive outcome for the class is compensable. *See In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 197 (3d Cir. 2005) ("We emphasize that, in determining who is entitled to attorneys' fees for pre-appointment work, the court's only consideration must be whether or not the attorney's work provided benefits to the class.").

## DISCUSSION

### I. Nagel Rice has not clearly benefitted the class and is not entitled to an award of attorneys' fees.

Movants contend that their work in the New Jersey actions, including the significant discovery conducted, benefitted the MDL class. Nagel Rice relies mostly on *Gottlieb v. Barry*, 43 F.3d at 491 (10th Cir. 1994), and its progeny in support of this assertion. In *Gottlieb*, non-designated counsel in a securities class action contributed to the creation of a common fund for the class. Thus, non-designated counsel were entitled to attorneys' fees. *Id*. at 489. This was so even though their efforts were largely duplicative of class counsel's work; non-designated counsel brought numerous actions and vigorously pursued them prior to class counsel being appointed. *Id*. Class counsel in *Gottlieb* had stated that non-designated counsel had performed "work on [the] case that would be of benefit to the class." *Id.*

Here, Class Counsel adamantly oppose movant's contention that its work benefitted the class. Resp. at 4. The record supports Class Counsel's position, as it makes little sense to conclude now that attorneys who worked to prevent the MDL Settlement Agreement from materializing were somehow benefitting the class all along. Nagel Rice purposely distanced itself from the MDL. This was so even though Nagel Rice was aware of the

3

JPML Order creating this MDL and had concerns about the potential overlap of the MDL with its own pending cases in the District of New Jersey. *See* Mot. [Doc. No. 103-1].

Nagel Rice sought to avoid the MDL by moving to vacate the conditional transfer order, *see* JPML MDL No. 2792 [Doc. Nos. 53, 54], and moving to stay proceedings in this case until its JPML motion had been resolved. *See* Mot. Stay [Doc. No. 103-1]. As proceedings continued, Nagel Rice doubled down on its efforts to stall the resolution of this matter. It asked the Court to deny preliminary approval on the basis that Samsung had acted inequitably, that the MDL Settlement Agreement violated the "first to file" rule, and that it was a "collateral attack" on an order issued in the District of New Jersey. Resp. at 4. Nagel Rice then moved to reopen discovery and later moved for preliminary approval of a different settlement [Doc. Nos. 127, 138].

Although the Court is aware that non-designated counsel may be awarded fees, Nagel Rice did not confer any substantial benefit on the class, neither directly nor as a catalyst. This case is like *In re Sandridge Energy,* where a district court declined to award fees to a party that pursued earlier litigation and later claimed that "[w]ithout [his] . . . successful litigation in [state court], the Settlement would not have occurred—and certainly not on the same terms." *In re Sandridge Energy, Inc.*, No. CIV-13-102-W, 2015 WL 11921422, at *4 (W.D. Okla. Dec. 22, 2015), *aff'd*, *In re SandRidge Energy, Inc.*, 875 F.3d 1297 (10th Cir. 2017).

The *In re Sandridge Energy* court found that despite the discovery and extensive discussions that took place, the party moving for fees conferred "no substantial benefit" on the class. *Id*. Nagel Rice claims to have benefitted the class because the settlement

4

structure of both deals is substantially similar. Nagel Rice asserts that the MDL Settlement Agreement's structure was based on the structure it previously negotiated. Class Counsel, however, claims to have been unaware of the Nagel Rice drain pump settlement while negotiating the MDL Settlement Agreement. Resp. at 4.

The terms of the two settlements support the position that one did not serve as a template for the other. Certainly, similarities exist. But these similarities are mostly superficial; there are substantial differences between the two agreements. As Class Counsel points out, if the Court draws the inference that superficial similarities suffice to support Nagel Rice's conclusions, then it follows that "any attorney who ever settled a consumer products liability case could claim fees here." Resp. at 6. There is no convincing evidence that Class Counsel relied on any discovery performed by Nagel Rice, nor that Class Counsel otherwise relied on Nagel Rice's work. In fact, Nagel Rice largely created additional work for Class Counsel as it repeatedly opposed the MDL Settlement Agreement. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 820 n.39 (3d Cir. 1995) ("[O]nly attorneys whose efforts create, discover, increase, or preserve the class's *ultimate recovery* will merit compensation from that recovery.") (emphasis added); *accord In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prod. Liab. Litig.*, 914 F.3d 623, 645 (9th Cir. 2018), *cert. denied sub nom. Nagel Rice, LLP v. Volkswagen Grp. of Am., Inc.,* 140 S. Ct. 305, 205 L. Ed. 2d 197 (2019).

## II. Nagel Rice failed to comply with the Court's Order regarding time and expenses.

Class Counsel further asserts that Nagel Rice did not, as required by the Court's Order [Doc. No. 52], submit records of its time and expenses for common benefit consideration. Per that Order, Class Counsel's duties included the collection of "monthly time, lodestar and expense reports from each Plaintiffs' counsel . . . whose time is expected to be included in any fee petition." Order [Doc. No. 130] at 3. The Court expressly ordered Nagel Rice to "familiarize [itself] with MDL Order [Doc. No. 52]. . . ." *See id*. This failure to follow the Court's Order further militates against an award of fees. *See In re Volkswagen*, 914 F.3d at 642 (denying Nagel Rice fees after it did not comply with pretrial orders on reporting time to lead counsel).

Movants and Defendants have negotiated a side agreement. *See* Notice [Doc. No. 234-1]. The Court, in a separate Order, has found that the side agreement is not violative of Rule 23 in that it does not suggest the rights or benefits of the class have been bargained away. *See* Order [Doc. No. 251]. Defendants may have reasons for settling with Nagel Rice because of complications that arose as a result of the settlement negotiations in New Jersey. That is a separate matter, now controlled by the side agreement, and has no bearing on the Court's consideration of whether Nagel Rice's efforts conferred any benefit upon the class.

**IT IS THEREFORE ORDERED** that the Motion for an Award of Fees and Expenses, [Doc. No. 140], is **DENIED.** A separate judgment will be entered accordingly.

**IT IS SO ORDERED** this 11th day of June, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge